{¶ 30} Although I concur in the judgment of affirmance, I do not agree that the Brushes have appealed too late to raise the issue of pre-judgment interest.
 {¶ 31} Although a ruling by a trial court may furnish the basis for an assignment of error, appeals are taken from final orders or judgments, not rulings. R.C. 2505.03(A). Because the earlier judgment of the trial court, as a result of an apparent clerical error on its part, actually awarded pre-judgment interest, the Brushes would not have had standing to complain about this issue. Had they filed a timely appeal from the initial judgment, contending that the trial court erred in its analytical conclusion that no pre-judgment *Page 14 
interest should be awarded, we would have properly dismissed their appeal, on the ground that the actual judgment from which they were appealing did not prejudice them in that regard.
 {¶ 32} As to the issue raised in this appeal — the issue of pre-judgment interest-the original judgment no longer has independent significance, having been superseded by the modified judgment. Therefore, in my view, the Brushes' appeal from the modified judgment was timely. They are permitted to assign as error any rulings that have adversely affected the judgment, thereby prejudicing them, regardless of when those pre-judgment rulings were made. To hold otherwise would lead to absurd results. Let us suppose that in a typical automobile accident case, the trial court clearly intended to resolve the disputed issues in favor of the plaintiff, and award judgment in some amount, but as a result of a clerical error, the actual judgment filed in the case is for the defendant. The defendant would have no standing to appeal from the judgment, since it is the defendant's favor. But it would be absurd to say that once the trial court has entered an amended judgment, under Civ. R. 60(A), that essentially says, "Oops, we obviously intended to enter judgment in favor of the plaintiff in the amount of $20,000," that the defendant cannot appeal from this amended judgment because it is now too late to appeal from the earlier, superseded judgment in the defendant's favor.
 {¶ 33} To me it is clear that the Brushes' appeal is timely from the Civ. R. 60(A) order, which took away the pre-judgment interest previously awarded to them.
 {¶ 34} Nevertheless, the alleged contractual undertaking of the Hassertts upon which the Brushes base their claim was not in a liquidated, or readily calculable, amount. It was an undertaking to pay one-half of the costs of maintaining the driveway, *Page 15 
not to pay one-half of whatever a contractor chose to bill for work alleged to have been reasonable and workmanlike maintenance of the driveway. I conclude that the trial court could reasonably have found that the amount necessary to fully compensate the Brushes was not determinable until the trial of the general issue, in which it became possible to determine whether, and to what extent, the contractual obligation of the Brushes to the contractor was reasonably necessary for the maintenance of the driveway.
 {¶ 35} On the issue of whether the trial court properly granted relief under Civ. R. 60(A), I agree with Judge Brogan's opinion for the court. Therefore, I would affirm.